IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMITTEE FOR EFFICIENT                          Case No.:_____
GOVERNMENT, LLC,
     5990 N. Federal Highway
     Fort Lauderdale, FL 33308

and

KENNETH V. HEMMERLE, II,
Professional Association,
     1322 N.E. 4th Avenue, Suite #
     Ft. Lauderdale, FL  33304

               Plaintiffs,
     v.

INTERNAL REVENUE SERVICE,
     Commissioner's Office
     1111 Constitution Avenue, N.W.
     Washington, DC 20224

     United States Attorney's Office
     District of Columbia
     555 4th Street, NW
     Washington, DC  20530

     United States Attorney General
     U.S. Department of Justice
     950 Pennsylvania Venue, NW
     Washington, DC  20530-0001

               Defendant.
_____/

## COMPLAINT

Plaintiffs, COMMITTEE FOR EFFICIENT GOVERNMENT, LLC, a Delaware Limited

Liability Company ("CFEG"), and KENNETH V. HEMMERLE, II, Professional Association

("KVH") file this Complaint to compel the Internal Revenue Service's ("IRS") compliance with

the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  This Complaint seeks declaratory

107124797.2

relief, stating that the IRS is in violation of the statutory requirements of FOIA for:  failing to properly respond to Plaintiffs' requests for records; attempting to levy excessive fees for legitimate requests; and failing to waive imposition of excessive fees against CFEG and KVH, on behalf of CFEG.  The Complaint also seeks injunctive relief directing the IRS to immediately and fully comply with Plaintiffs' requests under FOIA and to waive the exorbitant fees for the FOIA records.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.  It may grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 *et seq.* and award costs, and attorneys' fees pursuant to 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

2.      Venue is proper pursuant to 28 U.S.C. § 1391 (venue proper where defendant resides) and 5 U.S.C. § 552(a)(4)(B) (venue proper in DC under FOIA).

## PARTIES

3.      Plaintiff CFEG is a Limited Liability Company organized and existing under the laws of the state of Delaware with its principal place of business in Fort Lauderdale, Broward County, Florida.  CFEG regularly requests access to public records of government agencies and disseminates its findings to the public in order to contribute to the awareness and understanding of government operations and inefficiencies.

4.      Plaintiff KVH is a Florida Professional Service Corporation engaged in the practice of law with its principal place of business in Fort Lauderdale, Florida. KVH on behalf of its clients regularly requests access to public records of government agencies.

5.      Defendant IRS is an agency under 5 U.S.C. § 552(f)(1) which has possession, custody, and control of records that Plaintiffs seek to access. IRS has denied Plaintiffs' legitimate requests in violation of FOIA.

107124797.2

## OVERVIEW:  IRS OBSTRUCTS PLAINTIFFS'
## ACCESS TO GOVERNMENT RECORDS UNDER FOIA

### I. THE FOUNDING OF CFEG

6.    CFEG was formed in 2012 in response to the IRS's failure to:  (1) address the identity theft tax refund fraud problem which is costing the United States taxpayers billions of dollars each year, and (2) generally provide information about IRS waste and abuse to the public.

7.    CFEG's mission is to bring the information to the public in order to bring transparency to the issues, to act as a watchdog, and to raise awareness of and educate the public and lawmakers on, issues of government losses through inefficiency, mismanagement, negligence, and waste.

8.    These issues of government waste have resulted in the depletion of government assets, resources and taxpayer money.

9.    CFEG also seeks to find solutions to such problems through research, legislative and program changes, and initiatives.

10.    CFEG seeks to explore ways the government can operate more efficiently and to bring those solutions to legislators and the public.

11.    In particular, CFEG seeks to protect taxpayers from fraudulent tax returns submissions and identity theft.

12.    CFEG maintains a website on which it disseminates information to the public regarding government waste and abuse related to the identity theft tax refund fraud crisis.

13.    CFEG also publicizes statistics, articles, government reports, Congressional hearings, and bills, related to the identify theft tax fraud problem and provides information for victims of such fraud.

107124797.2

14.     One focus of CFEG is the issue of the IRS' failure to protect taxpayers, and the U.S. Treasury, through its improper use of enforcement resources on less significant issues than the egregious identity theft tax refund fraud or the improper payments of Earned Income Tax Credits.

15.     As part of its purpose to educate the public, contribute to civic dialogue, promote government transparency, and protect taxpayers and the U.S. Treasury, CFEG and KVH, on behalf of CFEG, regularly send FOIA requests to the IRS.

16.     Obtaining information to act as a watchdog of the government and contribute to public understanding and awareness is a well-recognized public interest in the FOIA.

17.     Disclosure of the information requested by CFEG is likely to contribute significantly to the understanding by the public at large of the operations of the IRS as the documents requested concern the performance of the statutory and regulatory duties of the IRS with regard to identity theft and other IRS waste.   Plaintiffs' FOIA requests have sought information related to these frauds.

## II.     THE IRS IS PLAGUED WITH INEFFICIENCIES AND VULNERABILITIES

18.     Recently, the IRS has wasted taxpayer resources and failed to protect taxpayer information in connection with cyber security breaches and the resulting identity theft.

19.     In one recent incident, a cyber hack in 2015, identity thieves obtained personal tax information for more than 700,000 taxpayers from the IRS's website.   In response, the IRS issued Identity Protection PINs to taxpayers who had been victims of identity theft in order to combat fraudulently filed returns.   The IRS recently announced, however, that this had led to a new security breach in which hackers stole some of these PIN numbers.

20.     The IRS has failed in its duties by allowing an unprecedented number of citizens to become victims of identity theft.  In 2004, a total of approximately 2,008 taxpayers were affected/injured.  As of 2015, 1,519,298 taxpayers were injured/affected by ID Theft Tax Refund Fraud.  The chart below, obtained through a FOIA request to the IRS by CFEG, shows the increasing numbers of victims of identity theft.

| Processing Year | Identified Id Theft |
|---|---|
| 2004 | 2,008 |
| 2005 | 4,152 |
| 2006 | 9,592 |
| 2007 | 28,840 |
| 2008 | 45,437 |
| 2009 | 22,755 |
| 2010 | 66,333 |
| 2011 | 561,240 |
| 2012 | 1,159,674 |
| 2013 | 1,340,221 |
| 2014 | 1,679,731 |
| 2015 | 1,519,298 |

21.     In January 2015, the Government Accountability Office released a report entitled, "Identity Theft and Tax Fraud: Enhanced Authentication Could Combat Refund Fraud, but IRS Lacks an Estimate of Costs, Benefits and Risks."

107124797.2

22.     The report detailed the high instances of identity theft and tax fraud.  The agency concluded that identify theft refund fraud costs taxpayers billions of dollars each year and leads to delayed refunds and administrative burdens.

23.     For example, honest taxpayers are subjected to delays and are forced to prove their identity to obtain a refund where a fraudulent refund has already been paid out.

24.     The Treasury Inspector General for Tax Administration ("TIGTA") likewise called identity theft tax fraud a growing epidemic, and the costs continue to increase.

25.     In both 2011 and 2013, the IRS paid out approximately $6 billion in fraudulent identity theft refunds.  In 2013, this made up 19% of tax refunds.  TIGTA estimates that the total cost of identity theft tax refund will soon reach $21 billion.

26.     The cyber security breach in 2015 not only led to the theft of personal information of over 700,000 taxpayers, but so far, it has resulted in approximately $39 million in losses, and those losses could increase significantly in 2016.

27.     Cyber security experts have described the IRS system as a disaster, and, as such, the IRS has placed taxpayers at risk and cost them billions of dollars each year.

28.     Recently, legislators have called for reform to protect taxpayers and the U.S. Treasury.  For example, after Rep. Jim Renacci was the victim of the IRS identity theft fraud, he began seeking to introduce legislation to require the IRS to better protect taxpayer information and provide more information to suspected victims.

29.     Members of the Senate Banking Committee have also written to the IRS Commissioner to inquire about the cyber hack in which up to 130,000 supposedly secure taxpayer PIN numbers were compromised and to see what the IRS is doing to protect taxpayer information.

107124797.2

### III.    THE IRS OBSTRUCTS PLAINTIFFS' ACCESS TO RECORDS

30.    CFEG, and KVH on its behalf, made FOIA requests to obtain information related to identity theft tax refund fraud and IRS inefficiencies in order to educate the public about these issues and seek solutions to protect taxpayers and the Treasury.

31.    The IRS obstructed Plaintiffs' access to the requested records by initially delaying responses to these requests, by asking Plaintiffs to pay exorbitant search fees, and by refusing to grant Plaintiffs' fee waiver requests to which they were entitled.

32.    Following the IRS's attempts to obstruct Plaintiffs' FOIA requests with exorbitant fee demands, Plaintiffs made an additional FOIA request seeking records of closed FOIA cases where fees were charged, and seeking disclosure of whether the fees levied by the IRS were paid.

33.    Plaintiffs' FOIA request also asked for records of FOIA matters where the IRS demanded fee deposits exceeding $500.  The IRS again refused to comply with the requirements of FOIA by denying the request for information on fee requests and waivers.

34.    In an effort to obstruct Plaintiffs from obtaining documents through FOIA, the IRS used various improper methods, including quoting high fees and refusing to waive them, asserting FOIA exemptions that did not apply or were overly broad, and claiming that it could not research the issue of fee payments.

35.    The tactics used by the IRS in failing to provide information and charging exorbitant fees for the information are not unlike the tactics recently found objectionable by TIGTA with regard to the targeting of taxpayers based on their political beliefs.

36.    The IRS sought to chill the constitutionally protected speech of government critics by denying and revoking the tax-exempt status of numerous organizations.

107124797.2

37.     In the targeting abuses, TIGTA initiated an audit of the IRS to investigate whether the IRS was using inappropriate criteria in reviewing applications for tax-exempt status.  The TIGTA Report, which was released on May 14, 2013, contains an extensive timeline of activities taking place at the IRS between 2010 and 2012 which show targeting abuses by the IRS.

38.     The IRS' tactics here, with regard to Plaintiffs' FOIA requests aimed at exposing waste in the agency, mirror the tactics already found to be abusive by TIGTA with regard to the targeting based on political views.

39.     TIGTA has investigated the identity theft tax refund fraud issue as well. In July 19, 2012, TIGTA issued a report entitled "There are Billions of Dollars in Undetected Tax Refund Fraud Resulting from Identity Theft."

40.     With regard to FOIA requests by Plaintiffs relating to this TIGTA report on the billions lost through tax fraud, the IRS estimated that it would cost $1,000,000 or more to produce the documents.

41.     The IRS' demand for fees and its refusal to waive fees is aimed at thwarting the dissemination of information showing IRS inefficiency and waste.

42.     Plaintiffs are also entitled to News Media Requester status as watchdogs who publish and disseminate information to the public and who intend to publish and disseminate information received from FOIA requests.

43.     The FOIA requests filed by Plaintiffs were clearly aimed at exposing IRS waste, including the billions lost in undetected tax refund fraud.

44.      The U.S. Court of Appeals for the D.C. Circuit has noted that FOIA's legislative history requires broad interpretation of the critical phrase "representative of the news media" and any person or organization which regularly publishes or disseminates information to the public

should qualify for waivers as a representative of the news media. *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381, 1386 (D.C. Cir. 1989).

45.     Plaintiffs fall within the definition of the broad construction of representative of the news media as statutorily defined in 5 U.S.C. §552(a)(4)(A)(ii)(III).

46.     To date, the IRS has failed to comply with numerous FOIA requests from Plaintiffs, has attempted to charge exorbitant fees, and has refused fee waiver requests from Plaintiffs, necessitating this Complaint.

## SPECIFIC ALLEGATIONS

### I.     FOIA CASE NO. F12229-0075, FEE WAIVER NO. F13078-0024

47.     On August 14, 2012 Plaintiff KVH sent a FOIA Request (Case No.: F12229-0075) to the IRS seeking:

(a)     all documents pertaining to the identity theft tax refund fraud problem as described in the Treasury Inspector General's Report (TIGTA Report) dated July 19, 2012 titled, There Are Billions Of Dollars In Undetected Tax Refund Fraud Resulting From Identity Theft (Reference Number: 2012-42-080);

(b)     documents pertaining to when the IRS became aware of the problem as described in the TIGTA Report;

(c)     documents pertaining to all steps the IRS has taken to protect taxpayers from identity theft as described in the TIGTA Report; documents reflecting steps the IRS has taken to protect the United States Treasury from  issuing fraudulent tax refunds, and so on.

48.     Plaintiff KVH sent the FOIA request in anticipation of eventually publicizing the information on the website of the soon-to-be-formed CFEG in order to educate the public about the identity theft tax refund fraud issue.

49.     On September 13, 2012 the IRS responded to KVH's FOIA request, refusing to process the request until KVH paid $1,000,000.00 in fees.

## II.     FOIA CASE NO. F13078-0024–FEE WAIVER REQUEST ON BEHALF OF CFEG

50.     On March 11, 2013 Plaintiff KVH, on behalf of CFEG, sent the IRS a fee waiver request (Case No. F13078-0024).  Plaintiffs stated that the fee waiver provision was added to FOIA in an attempt to prevent government agencies from using high fees to discourage certain types of requesters and requests; that disclosure of the requested materials will contribute to the public understanding of the operations or activities of government; that disclosure of the materials is not primarily in the commercial interest of the requesters; and that CFEG intends to widely distribute the materials to the public at no charge.

51.     Plaintiffs' fee waiver request dated March 11, 2013 clearly established that a fee waiver should have been granted pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) because the disclosure of the documents is in the public interest and the information is likely to contribute significantly to the public's understanding of the operations or activities of the government and is not in the commercial interest of the requestor.  The fee waiver request advised that Plaintiff is an attorney and the ultimate requester is CFEG, an organization set up to seek and explore ways in which the government can operate more efficiently and bring those ideas and solutions to the forefront of Congress and the American public.

52.     The fee waiver request further stated that CFEG was unable to pay the $1,000,000.00 in fees that the IRS was demanding, and that CFEG intended to disseminate the materials on its website and would make the materials available to public law libraries and on legal blogs which have engaged in scholarly (and public) debate on the subject matter.

53.     On April 2, 2013 the IRS denied the fee waiver request.

The IRS stated in part,

> We are denying your request to waive or reduce fees. Fees may be reduced or waived upon showing that disclosure of the requested information is in the public interest and not primarily in the commercial interest of the requester. Your letter did not establish sufficient evidence that disclosure of the requested information would not primarily be in the commercial interest of yourself, or your clients as private citizens. This finding is not affected by your stated intention to incidentally post online any information received under your request.

54.    On May 7, 2013 Plaintiffs appealed to the IRS Appeals Office.

55.    Defendant affirmed its prior refusal to grant a fee waiver.

## III.    FOIA CASE NO. F13241-0061:   REQUESTING FEE REPORT WHERE FEES WERE CHARGED AND PAID

56.    On August 21, 2013 CFEG through its counsel sent a FOIA request to the IRS seeking the "FOIA fee report that will show all closed cases where fees were charged and whether or not fees were paid" for the period January 1, 2009 to August 21, 2013.

57.    CFEG, stated in the request that as a result of a previous complaint to the Office of Government Information Services ("OGIS"), Plaintiffs were informed that the material exists. KVH further stated, "Ms. Anne Jansen, a Senior Disclosure Analyst in your office informed OGIS that the fee report my clients are seeking exists and can be produced as a result of a FOIA request."

58.    CFEG, also requested a fee waiver, explaining that the records concern the IRS's operations and activities; the records are likely to contribute to an understanding of the agency's operations or activities; the records will contribute to the general public's understanding of the IRS operations or activities; that CFEG will make the records broadly available at no cost through a variety of means; that the material is not primarily in the commercial interest of the requester in that CFEG is a public interest enterprise set up to educate the public on tax issues; and that CFEG intends to disseminate the materials in at least three ways:

(a)      through its website http://www.cfegov.org/home/;

(b)      by making the materials available to the public at the law libraries of the University of Florida, Florida State University, Florida International University and Florida A & M University; and

(c)      through legal blogs engaged in scholarly (and public) debate about tax issues.

59.      On September 11, 2013 the IRS denied the CFEG's request.  In its denial the IRS stated:

> We are denying your request to waive or reduce fees.  Fees may be reduced or waived upon showing that disclosure of the requested information is in the public interest and not primarily in the commercial interest of the requester.  Your letter did not establish sufficient evidence that disclosure of the requested information would not primarily be in the private and commercial interests of your client (or clients).
>
> Since it appears that providing responsive documents to your correspondence would require the imposition of fees, we are unable to complete the processing of your request.

60.      On October 8, 2013, CFEG appealed the IRS's denial of the fee waiver request.

61.      On November 14, 2013 the IRS Appeals Office affirmed the September 11, 2013 denial of the fee waiver request.

62.      On November 18, 2013, CFEG responded to the April 2, 2013 and September 11, 2013 denials of fee waivers for FOIA matters F12229-0075 and F13241-0061.

63.      The IRS responded, again denying the fee waiver requests, on September 23, 2014.

64.      On October 7, 2014, CFEG appealed that denial.

65.      The IRS did not change its position and, by letter dated November 21, 2014, informed Plaintiffs that the only option for relief was to file suit.

## IV.  FOIA CASE NO. F13277-0010 AND 0011:  REQUESTS FOR FEE DEPOSITS CHARGED

66.     On September 26, 2012 KVH on behalf of CFEG sent a FOIA request to the IRS seeking records relating to FOIA matters in which the IRS was demanding a fee deposit before processing a request.  For the period January 1, 2011 to September 26, 2012, Plaintiffs requested the following records:

(a)     The number of Freedom of Information Act Requests (FOIA requests) submitted to the IRS from January 1, 2011 to the present and the number of those FOIA requests that were completely processed and fulfilled by the IRS.

(b)     All FOIA Case Logs for the Department of the Treasury, Internal Revenue Service, Washington, DC for the period January 1, 2011 to the present.

(c)     The number of FOIA requests submitted to the IRS from January 1, 2011 to the present where the IRS required a deposit in excess of $500.00 from the requester before the IRS would process the FOIA request.

(d)     The number of FOIA requests submitted to the IRS from January 1, 2011 to the present in which the requester did not pay a deposit exceeding $500.00 as required by the IRS to process the FOIA request and the file was closed by the IRS.

(e)     The number of FOIA requests submitted to the IRS from January 1, 2011 to the present in which the requester paid the IRS a deposit exceeding $500.00 as required by the IRS to process the FOIA request.

(f)     The number of FOIA requests submitted to the IRS from January 1, 2011 to the present in which the requester paid the IRS a deposit exceeding $500.00 as required by the IRS to process the FOIA request and additional deposit funds were required by the IRS to process the FOIA request.

(g)     The number of FOIA requests submitted to the IRS from January 1, 2011 to the present in which the requester paid the IRS a deposit exceeding $500.00 as required by the IRS to process the FOIA request and where the IRS completed the FOIA request.

(h)     All correspondence reflecting FOIA requests submitted to the IRS from January 1, 2011 to the present in which the requester challenged the amount the IRS was requesting and for a deposit before the IRS would process the FOIA request.

67.     On February 6, 2013, the IRS sent a letter producing some information, but withholding the remainder.

68.     Only two of the questions were answered: the number of FOIA requests for the stated time period and the number of requests where the IRS requested in excess of $500 to process the request.

69.     The remaining questions, involving how many people paid assessed fees over $500; additional deposits required by the IRS; and the number of requests in which the excess fees were requested, paid and in which the IRS actually completed the FOIA request were not answered by the IRS, which took the position that its system was not "researchable" and FOIA does not require agencies to create records.

70.     Despite the fact that numerous requests sought correspondence sent by and to the IRS, the IRS claimed that it had "no information responsive" to these requests and that "[t]he FOIA does not require agencies to create records."  The IRS further claimed, "[t]he system the IRS uses to capture fee payments is not researchable."

71.     On March 7, 2013, KVH on behalf of CFEG appealed to the IRS Appeals Office. Among other issues, Plaintiffs' appeal pointed out that the IRS's response made little sense and asked for additional information regarding what the IRS meant by its statements that its system

14

was not "researchable" and its statement that it had no records responsive to a request for correspondence which the IRS had sent and received.

72.     On April 3, 2013, the IRS affirmed its decision not to provide the requested information.  The IRS stated that "FOIA does not require agencies to provide explanations or answers in response to questions" and "that the Disclosure Office has met its burden in regard to the adequacy of the search."

73.     The IRS conclusory statement that the system is not researchable did not specify whether it was possible to electronically compile the data, which does not constitute data creation.

74.     The appeals office rejected this argument in Plaintiffs' appeal.

## COUNT I – FOIA VIOLATIONS – FEE WAIVER

75.     Plaintiffs re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

76.     FOIA requires that an agency waive the payment of fees by a requestor "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(4)(A)(iii).

77.     Plaintiffs' requests made clear that the information was to be disseminated to the public in order to raise awareness about IRS wastefulness and misconduct and explore ways in which the government can operate more efficiently, which is in the public interest rather than Plaintiffs' commercial interest.

78.     The limited information provided by the IRS has been disseminated by CFEG and will continue to be disseminated when it is provided by the IRS.

79.     The IRS's failure to grant a fee waiver request violates FOIA.

15

80.     Plaintiffs have exhausted applicable administrative remedies.

81.     Plaintiffs are entitled to declaratory and injunctive relief requiring the Defendant to grant the fee waiver request and compel the release and disclosure of the requested records.

**COUNT II – FOIA VIOLATIONS – FAILURE OF IRS TO COMPLY WITH FOIA**

82.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

83.     FOIA requires an agency to conduct a reasonable search for records relevant to a request, disclose to a requester non-exempt portions of records that can be segregated from portions containing information that may be withheld, and promptly make responsive records available to a requester.  5 U.S.C. § 552(a)-(b).

84.     The IRS's failure to conduct a reasonable search for records and to properly segregate non-exempt records violates FOIA.

85.     Plaintiffs have exhausted applicable administrative remedies.

86.     Plaintiffs are entitled to declaratory and injunctive relief requiring the Defendant to release and disclose the requested records.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully requests that this Court:

(a)     Declare that the IRS has wrongfully denied Plaintiffs' fee waiver requests and declare that Plaintiffs are entitled to fee waivers;

(b)     Declare that the IRS has wrongfully withheld the requested records;

(c)     Direct the IRS to revise its search such that it would be reasonably calculated to search for and find all relevant documents responsive to Plaintiffs' requests, and then demonstrate that it employed appropriate search methods;

16

(d)    Direct the IRS to produce by a date certain all non-exempt records and a Vaughn Index of all records withheld under claim of exemption.

(e)    Maintain jurisdiction over this action until the IRS complies with FOIA and all orders of this Court.

(f)    Award Plaintiffs' attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(g)    Grant such additional and further relief as the Court deems just and proper.

CARLTON FIELDS JORDEN BURT, P.A.


By:    */s/Michael S. Pasano*
MICHAEL S. PASANO
D.C. Bar No.: 943449
100 S.E. Second Street, Suite 4200
Miami, FL 33131
Telephone: 305-530-0050
E-mail:mpasano@carltonfields.com

and

KENNETH V. HEMMERLE, II, P.A.


By:    */s/Kenneth V. Hemmerle, II*
KENNETH V. HEMMERLE, II
Florida Bar No.: 0841020
*(Pro Hac Vice to be submitted)*
1322 N.E. 4th Avenue, Suite E
Fort Lauderdale, FL 33304
Telephone:    954-768-9116
Facsimile:    954-768-9117
E-mail:KVHIILAW@aol.com

*Attorneys for Plaintiffs Committee for Efficient Government, LLC and Kenneth V. Hemmerle, II*

107124797.2